# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**      **2. PLEASE TYPE OR PRINT**      **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: Match Group, LLC v. Beazley Underwriting Limited | District Court or Agency: S.D.N.Y. | Judge: Hon. L. Schofield, D.J. |
|---|---|---|
| | Date the Order or Judgment Appealed from was Entered on the Docket: June 22, 2023 | District Court Docket No.: 1:22-cv-4629-LGS-SLC |
| | Date the Notice of Appeal was Filed: July 19, 2023 | Is this a Cross Appeal? ☐ Yes ☑ No |

| Attorney(s) for Appellant(s): ☐ Plaintiff ☑ Defendant | Counsel's Name: Address: Telephone No.: Fax No.: E-mail: <br> John W. Cerreta \| Day Pitney LLP \| 242 Trumbull Street \| Hartford, CT 06103 <br> Tel. (860) 275-0665 \| Fax (860) 881-2517 \| jcerreta@daypitney.com <br> Jonathan S. Zelig \| Day Pitney LLP \| One Federal Street \| Boston, MA 02110 <br> Tel. (617) 345-4601 \| Fax (617) 892-4236 \| jzelig@daypitney.com |
|---|---|
| **Attorney(s) for Appellee(s):** ☑ Plaintiff ☐ Defendant | Counsel's Name: Address: Telephone No.: Fax No.: E-mail: <br> Ernest Martin, Jr. \| Haynes and Boone LLP \| 2323 Victory Ave. \| Dallas, TX 75219 <br> Tel. (214) 651-5641 \| Fax (214) 651-5940 \| ernest.martin@haynesboone.com <br> Greg Van Houten \| Haynes and Boone LLP \| 30 Rockefeller Plaza \| New York, NY 10112 <br> Tel. (212) 659-4975 \| Fax (212) 918-8989 \| greg.vanhouten@haynesboone.com <br> Rebecca Schwarz \| Haynes and Boone LLP \| 30 Rockefeller Plaza \| New York, NY 10112 <br> Tel. (212) 659-4975 \| Fax (212) 918-8989 \| rebecca.schwarz@haynesboone.com |

| Has Transcript Been Prepared? N/A | Approx. Number of Transcript Pages: N/A | Number of Exhibits Appended to Transcript: N/A | Has this matter been before this Circuit previously? ☐ Yes ☑ No <br><br> If Yes, provide the following: <br><br> Case Name: <br><br> 2d Cir. Docket No.:     Reporter Citation: (i.e., F.3d or Fed. App.) |
|---|---|---|---|

***ADDENDUM "A":*** COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

***ADDENDUM "B":*** COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

### PART A: JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐ U.S. a party    ☑ Diversity | ☑ Final Decision    ☐ Order Certified by District Judge (i.e., Fed. R. Civ. P. 54(b)) |
| ☐ Federal question (U.S. not a party)    ☐ Other (specify): _____ | ☐ Interlocutory Decision Appealable As of Right    ☐ Other (specify): _____ |

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**FORM C** (Rev. October 2016)

**PART B: DISTRICT COURT DISPOSITION** (Check as many as apply)

| 1. Stage of Proceedings | 2. Type of Judgment/Order Appealed | 3. Relief |
|---|---|---|

**1. Stage of Proceedings**
- ☑ Pre-trial
- ☐ During trial
- ☐ After trial

**2. Type of Judgment/Order Appealed**
- ☐ Default judgment
- ☐ Dismissal/FRCP 12(b)(1) lack of subject matter juris.
- ☑ Dismissal/FRCP 12(b)(6) failure to state a claim
- ☐ Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint
- ☐ Dismissal/28 U.S.C. § 1915(e)(2) other dismissal
- ☐ Dismissal/other jurisdiction
- ☐ Dismissal/merit
- ☐ Judgment / Decision of the Court
- ☑ Summary judgment
- ☐ Declaratory judgment
- ☐ Jury verdict
- ☐ Judgment NOV
- ☐ Directed verdict
- ☐ Other (specify):

**3. Relief**
- ☑ Damages:
  - ☑ Sought: $ 3,629,410.07
  - ☑ Granted: $ 3,629,410.07
  - ☐ Denied: $ _____
- ☐ Injunctions:
  - ☐ Preliminary
  - ☐ Permanent
  - ☐ Denied

**PART C: NATURE OF SUIT** (Check as many as apply)

**1. Federal Statutes**
- ☐ Antitrust
- ☐ Bankruptcy
- ☐ Banks/Banking
- ☐ Civil Rights
- ☐ Commerce
- ☐ Energy
- ☐ Commodities
- ☐ Other (specify): _____
- ☐ Communications
- ☐ Consumer Protection
- ☐ Copyright ☐ Patent
- ☐ Trademark
- ☐ Election
- ☐ Soc. Security
- ☐ Environmental
- ☐ Freedom of Information Act
- ☐ Immigration
- ☐ Labor
- ☐ OSHA
- ☐ Securities
- ☐ Tax

**2. Torts**
- ☐ Admiralty/ Maritime
- ☐ Assault / Defamation
- ☐ FELA
- ☐ Products Liability
- ☐ Other (Specify):

**3. Contracts**
- ☐ Admiralty/ Maritime
- ☐ Arbitration
- ☐ Commercial
- ☐ Employment
- ☑ Insurance
- ☐ Negotiable Instruments
- ☐ Other Specify

**4. Prisoner Petitions**
- ☐ Civil Rights
- ☐ Habeas Corpus
- ☐ Mandamus
- ☐ Parole
- ☐ Vacate Sentence
- ☐ Other

**5. Other**
- ☐ Hague Int'l Child Custody Conv.
- ☐ Forfeiture/Penalty
- ☐ Real Property
- ☐ Treaty (specify): _____
- ☐ Other (specify): _____

**6. General**
- ☐ Arbitration
- ☐ Attorney Disqualification
- ☐ Class Action
- ☐ Counsel Fees
- ☐ Shareholder Derivative
- ☐ Transfer

**7. Will appeal raise constitutional issue(s)?**
- ☐ Yes   ☑ No

**Will appeal raise a matter of first impression?**
- ☑ Yes   ☐ No

---

1. Is any matter relative to this appeal still pending below? ☑ Yes, specify: Motion for Attorneys' Fees    ☐ No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:
   - (A) Arises from substantially the same case or controversy as this appeal?   ☐ Yes   ☑ No
   - (B) Involves an issue that is substantially similar or related to an issue in this appeal?   ☐ Yes   ☑ No

If yes, state whether ☐ "A," or ☐ "B," or ☐ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| Name of Appellant: | | | |

| Date: 8/1/23 | Signature of Counsel of Record: |
|---|---|

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**
1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**FORM C** (Rev. December 2016)

## Addendum A to Civil Appeal Pre-Argument Statement (Form C)

### *Match Group, LLC v. Beazley Underwriting Limited*

### Case No. 23-1058

This is an insurance coverage dispute. Defendant-appellant Beazley Underwriting Limited ("Beazley") issued a claims-made-and-reported policy to a predecessor of plaintiff-appellee Match Group, LLC ("Match"). During the policy period, a third party sent a demand letter and filed a lawsuit against Match. Match, however, did not report the claim to Beazley until two days after the policy period ended. The parties dispute whether Match timely reported the claim so as to obtain coverage under the terms of the policy.

On July 25, 2022, Match filed the operative first amended complaint, bringing two causes of action: (i) breach of contract; and (ii) equitable estoppel. Match sought a judgment that the policy – either as written, or as amended by the parties' alleged course of dealing – did not require Match to report the claim by the end of the policy period to obtain coverage. Alternatively, Match alleged that Beazley should be equitably estopped from enforcing the plain language of the policy.

On September 2, 2022, Beazley moved to dismiss the amended complaint under Rule 12(b)(6), arguing that coverage is unavailable as a matter of law. The policy unambiguously provides a bright-line cut-off for reporting claims: "no later than … the end of the Policy Period." Match did not report the claim until two days after the policy period ended. Moreover, Match cannot rely on the policy's extension for reporting of claims "first made … during the last sixty (60) days of the Policy Period," because the claim at issue was first made when Match received the demand letter six months before the end of the policy period. Beazley also cannot be equitably estopped from denying coverage because coverage cannot be created by estoppel and, in any event, Match suffered no prejudice.

On May 25, 2023, the District Court issued an Opinion and Order granting in part and denying in part Beazley's motion to dismiss the amended complaint. The District Court dismissed in whole Count II (equitable estoppel) and those portions of Count I (breach of contract) alleging a breach of the implied duty of good faith and fair dealing. However, the District Court held that the "claim" was first made when the underlying lawsuit was filed, and therefore Match had "sixty (60) days after the expiration date of the Policy Period" to report the claim. The District Court further determined that Match sufficiently alleged that the parties' course of dealing modified the policy's notice provision to survive a motion to dismiss.

In the conclusion of the Opinion and Order, the District Court instructed Beazley to file a letter "stating why [Match] should not be granted summary judgment on the surviving contract claim based on the discussion in Section III.A.1," *i.e.*, the discussion of whether the demand letter was a "claim." On June 7, 2023, Beazley filed a letter stating that it "agrees that, in light of the Court's conclusions of law in Section III.A.1 of its Opinion and Order, a motion for summary judgment in favor of [Match] … would have to be granted." Beazley, however, informed the District Court that "Beazley disagrees with the Court's analysis and conclusions, and it intends to seek review of the Court's decision on appeal."

On June 22, 2023, the District Court entered judgment in the amount of $3,629,410.07 against Beazley and in favor of Match. Beazley filed its notice of appeal on July 19, 2023.

A copy of the District Court's May 25, 2023 Opinion and Order granting in part and denying in part Beazley's motion to dismiss is attached as **Exhibit 1**.

A copy of the District Court's Judgment, entered June 22, 2023, is attached as **Exhibit 2**.

A copy of the Notice of Appeal, filed July 19, 2023, is attached as **Exhibit 3**.

A copy of the District Court's docket sheet as of August 1, 2023, is attached as **Exhibit 4**.

**<u>Addendum B to Civil Appeal Pre-Argument Statement (Form C)</u>**

***Match Group, LLC v. Beazley Underwriting Limited***

**Case No. 23-1058**

<u>ISSUES PROPOSED TO BE RAISED ON APPEAL</u>

"Our standard of review for both motions to dismiss and motions for summary judgment is de novo." *Guippone v. BH S & B Holdings LLC*, 737 F.3d 221, 225 (2d Cir. 2013) (quoting *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003)).

The issues proposed to be raised on appeal are:

Did the District Court err in concluding that plaintiff-appellee Match Group, LLC ("Match") timely reported the claim under the policy?

Did the District Court err in denying in part defendant-appellant Beazley Underwriting Limited's motion to dismiss and thereafter granting summary judgment for Match?

# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------X
                                          :
MATCH GROUP, LLC,                         :
                                          :
                          Plaintiff,      :            22 Civ. 4629
                                          :
          -against-                       :       __OPINION AND ORDER__
                                          :
BEAZLEY UNDERWRITING LIMITED,             :
                                          :
                          Defendant.      :
-----------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiff Match Group, LLC brings this insurance action against Defendant Beazley

Underwriting Limited.  The First Amended Complaint (the "Complaint") asserts claims of breach

of contract and equitable estoppel.  Defendant moves to dismiss under Federal Rule of Civil

Procedure 12(b)(6).  For the reasons below, the motion is granted in part and denied in part.

## I.    BACKGROUND

The following facts are taken from the Complaint and documents incorporated by

reference in it.  *See Bellin v. Zucker*, 6 F.4th 463, 473 (2d Cir. 2021).  The alleged facts are

assumed to be true for purposes of this motion.  *See Int'l Code Council, Inc. v. UpCodes Inc.*, 43

F.4th 46, 53 (2d Cir. 2022).

Plaintiff, formerly Match.com, L.L.C., is a subsidiary of InterActiveCorp ("IAC").

Defendant is a foreign entity engaged in the business of selling insurance, investigating claims

and issuing policies that cover policyholders and activities located in New York.

### A. Insurance Policy

On November 16, 2015, Defendant sold a liability coverage policy (the "Policy") to IAC, the named insured under the policy, for the period beginning August 20, 2015, and ending August 20, 2016, at 12:01 A.M. (the "Policy Period"). The Policy provides coverage for:

> Damages and Claims Expenses . . . which the Insured shall become legally obligated to pay because of liability imposed by law or Assumed Under Contract resulting from any Claim first made against any Insured during the Policy Period or Optional Extension Period (if applicable) and reported to [Defendant] during the Policy Period.

The Policy defines "Claim" as, among other things, "a written demand received by any Insured for money or services, including the service of a suit or institution or arbitration proceedings [or] a threat or initiation of a suit seeking injunctive relief." The notice provision provides that:

> Claims made against any Insured must be reported no later than (i) the end of the Policy Period, (ii) sixty (60) days after the expiration date of the Policy Period in the case of Claims first made against the Insured during the last sixty (60) days of the Policy Period, [or] (iii) the end of the Optional Extension Period (if applicable) . . . .

The Policy also includes an Optional Extension Period, which may be purchased "[i]n the event of the termination of th[e] Insurance for any reason except the non-payment of premium." If purchased, the option extends the period to report a claim "first made against any Insured and reported to [Defendant] during the Optional Extension Period" by thirty days after termination. Section XIX states that "all Insureds agree that this Policy embodies all agreements between [Defendant] and the Insured relating to this Policy . . . the terms of this Insurance [shall not] be waived or changed, except by endorsement issued to form a part of this policy signed by [Defendant]." The self-insured retention under the Policy as applicable here is $1,000,000.

The Policy defines "Insured" to include "any Subsidiaries of the Named Insured." Match.com, L.L.C. and Tinder, Inc. were both subsidiaries of IAC at the time the Policy was

2

issued.  In July 2017, after the end of the Policy Period, Tinder, Inc. merged with Match Group, Inc. -- a parent company of Plaintiff.

### B. Previous Dealings

Defendant has issued liability policies covering IAC and its subsidiaries, including Tinder, Inc. and Match.com, L.L.C., since 2008.  During this time, Defendant and the insureds reached several explicit and implicit mutual understandings about these policies.  For example, Defendant and the insureds understood that minor matters did not constitute "Claims."  The insureds had no obligation to provide Defendant with notice of such matters -- regardless of whether any of their insurance policies required otherwise -- unless and until the insureds determined that the matters were substantially likely to develop into significant legal proceedings.  Consistent with this understanding, the insureds did not notify Defendant of every potential claim, complaint, grievance or other assertion against them.  The insureds reported only matters that they determined were substantially likely to develop into significant legal proceedings.

This mutual understanding was discussed by Defendant, the insureds, and the insureds' representatives and brokers during one or more insurance renewal meetings that pre-dated the issuance of the Policy.  Defendant was also reminded of this mutual understanding during regularly scheduled meetings attended by, among other persons, Defendant's outside counsel and representatives of the insureds.  Neither Defendant nor its counsel indicated a desire to deviate from such course.  Defendant did not expect to be notified of every demand or matter asserted against the insureds.

**C. Underlying Litigation**

On February 16, 2016, counsel for John Mellesmoen sent a letter to (a) Joey Levin, the CEO of IAC, (b) Gregg J. Winiarski, the then-Executive Vice President and General Counsel of IAC, (c) Greg Blatt, the then-Chairman and CEO of Match Group, Inc. and (d) Sean Rad, the then-CEO of Tinder, Inc., notifying them of "potential legal claims" Mellesmoen allegedly had against Tinder, Inc. (the "Letter").

The Letter alleged that, during a meeting at a shopping mall, Mellesmoen presented Rad with product and marketing ideas, for which Mellesmoen was promised compensation. The Letter further alleged that Tinder, Inc. later used Mellesmoen's ideas without compensating him, and that Rad began to avoid communicating with Mellesmoen.

IAC viewed the allegations in the Letter as frivolous and responded to Mellesmoen by letter, explaining why his assertions were meritless and not to be taken seriously. Neither IAC nor any other insured considered the Letter a "Claim" because, at that time, the insureds determined it was unlikely that Mellesmoen would initiate a formal claim or lawsuit against any insured. Neither IAC nor any other insured provided notice to Defendant of the Letter.

On August 18, 2016, during the last sixty days of the Policy, the insureds received notice that Mellesmoen had filed a lawsuit the day before against IAC, Tinder, Inc. and Rad in California state court (the "Lawsuit"). On Friday, August 19, 2016, IAC provided notice of the Lawsuit to Marsh USA Inc., its insurance broker, via e-mail. On Sunday, August 21, 2016, a Marsh employee responded that she would handle it. At 8:42 A.M. on Monday, August 22, 2016, Marsh provided Defendant with notice of the Lawsuit.

On August 23, 2016, Defendant confirmed receipt of the notice, stated it was evaluating coverage and requested a call. Defendant did not mention late notice then or during the call.

Over the next several weeks, the insureds kept Defendant apprised of updates in the Lawsuit during regularly scheduled calls with Defendant's outside counsel. Throughout the fall of 2016, Defendant indicated to the insureds that it was continuing to investigate whether and to what extent the Policy may cover the Lawsuit. On November 21, 2016, Defendant proposed that it further defer its coverage decision until a ruling was issued on the underlying defendants' demurrer. Defendant requested that the insureds continue to keep Defendant updated on the status of the matter. In February 2017, the insureds reported that the underlying defendants' demurrer was unsuccessful. On March 31, 2017, Defendant denied coverage on late notice grounds.

The Lawsuit was litigated for several years before it settled in July 2021. Plaintiff incurred charges of approximately $3,315,000 defending against the Lawsuit. On September 17, 2021, Plaintiff sent a demand letter to Defendant, explaining the bases for coverage under the Policy and requesting that Defendant provide full and prompt coverage for the defense and indemnity costs that Plaintiff had incurred in the Lawsuit. On November 14, 2021, Defendant responded with a denial letter.

## II.     STANDARD

On a motion to dismiss, a court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party but does not consider "conclusory allegations or legal conclusions couched as factual allegations." *Dixon v. von Blanckensee*, 994 F.3d 95, 101 (2d Cir. 2021).[1] To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

on its face.'" *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *accord Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 189 (2d Cir. 2020). It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[ ] [plaintiff's] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Bensch v. Est. of Umar*, 2 F.4th 70, 80 (2d Cir. 2021). To survive dismissal, "plaintiffs must provide the grounds upon which their claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *Rich v. Fox News Network, LLC*, 939 F.3d 112, 121 (2d Cir. 2019) (cleaned up).

New York law governs this dispute because the Policy includes a New York choice of law provision, and the parties' submissions assume that New York law applies. *See In re Snyder*, 939 F.3d 92, 100 n.2 (2d Cir. 2019) ("[I]mplied consent is . . . sufficient to establish the applicable choice of law[.]").

## III. DISCUSSION

Defendant argues that the Complaint should be dismissed for failure to state a claim as (i) Plaintiff's failure to report its claim during the Policy Period precludes coverage as a matter of law and (ii) coverage cannot be, or has not been, created by equitable estoppel. For the reasons below, Defendant's motion to dismiss is granted in part and denied in part.

### A. Breach of Contract

The Complaint states a viable claim for breach of the insurance contract. First, notice of Mellesmoen's claim was timely because the Letter was not a "Claim" that

triggered the notice obligation under the Policy.  Second, even if the Letter was a "Claim," the Complaint sufficiently alleges that the notice provision under the policy was modified by the parties' course of dealing.

The Complaint's breach of contract claim alleges a second theory of liability -- that Defendant breached the contract's implied covenant of good faith and fair dealing by failing to disclose promptly its late notice defense.  That portion of the breach of contract claim is dismissed.

### 1.    The Letter Was Not a "Claim"

Under New York law, "the courts bear the responsibility of determining the rights or obligations of parties under insurance contracts based on the specific language of the policies."  *Gilbane Bldg. Co./TDX Constr. Corp. v. St. Paul Fire & Marine Ins. Co.*, 97 N.E.3d 711, 712 (N.Y. 2018).  "In determining a dispute over insurance coverage, we first look to the language of the policy."  *Id.*  "As with the construction of contracts generally, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning."  *Id.* at 712-13.

"Determining whether a contract is ambiguous is an issue of law for the courts to decide."  *Donohue v. Cuomo*, 184 N.E.3d 860, 867 (N.Y. 2022).  "[T]he test to determine whether an insurance contract is ambiguous focuses on the reasonable expectations of the average insured upon reading the policy and employing common speech."  *Mostow v. State Farm Ins. Cos.*, 668 N.E.2d 392, 394 (N.Y. 1996).  "[P]rovisions in a contract are not ambiguous merely because the parties interpret them differently."  *Mount Vernon Fire Ins. Co. v. Creative Hous. Ltd.*, 668 N.E.2d 404, 406 (N.Y. 1996).  "[A] contract is not ambiguous if the language it uses has a definite and precise meaning, unattended by

7

danger of misconception in the purport of the [contract] itself, and concerning which there is no reasonable basis for a difference of opinion." *In re Viking Pump, Inc.*, 52 N.E.3d 1144, 1151 (N.Y. 2016).

Defendant asserts that Plaintiff's breach of contract claim fails because the Letter was a "Claim" under the Policy for which IAC failed to provide timely notice. This argument is incorrect because the definition of "Claim" under the Policy is unambiguous and does not encompass the Letter. The Policy and Letter are properly considered on this motion because they are referenced in, and integral to, the Complaint; the Policy is also appended to the Complaint. *See Sabir v. Williams*, 52 F.4th 51, 54 (2d Cir. 2022) ("In reviewing a motion to dismiss, [the court] may consider not only the facts alleged in the complaint, but also documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint.").

As relevant here, the Policy defines "Claim" as a "demand . . . for money or services, including the service of a suit or institution of arbitration proceedings" or "a threat . . . of a suit seeking injunctive relief." A basic tenet of contract interpretation is that different words in a contract -- "demand" versus "threat of a suit" -- have different meanings. *See NFL Enters. LLC v. Comcast Cable Commc'ns, LLC*, 851 N.Y.S.2d 551, 557 (1st Dep't 2008) ("The use of different terms in the same agreement strongly implies that the terms are to be accorded different meanings."); *accord Thompson v. Mun. Credit Union*, No. 21 Civ. 7600, 2022 WL 2717303, at *4 (S.D.N.Y. July 13, 2022) (New York law). While the Letter is explicitly a "threat of a suit," it does not seek injunctive relief. Nor is the Letter a demand for money, service of a suit or commencement of arbitration. The Letter merely invites negotiation toward an amicable resolution. Although

8

Mellesmoen's grievance might be resolved with the payment of money, that grievance could be resolved otherwise -- by providing Mellesmoen recognition, or employment or some other benefit; or by responding with a correction or clarification should Plaintiff "disagree with the facts," as the Letter invited, and as Plaintiff did. Consequently, the Letter was not a "demand for money."

The cases that Defendant cites concerning the meaning of "Claim" are inapt because they deal with different policy definitions for the term "Claim." *See, e.g.*, *W. Waterproofing Co., Inc. v. Zurich Am. Ins. Co.*, No. 20 Civ. 3199, 2022 WL 329225, at *4 (S.D.N.Y. Feb. 3, 2022) (defining "claim" as a "demand, notice or assertion of a legal right seeking a remedy or alleging liability or responsibility on the part the insured"); *Quanta Lines Ins. Co. v. Invs. Cap. Corp.*, No. 6 Civ. 4624, 2009 WL 4884096, at *2 (S.D.N.Y. Dec. 17, 2009) (defining "claim" as "a demand received by any Insureds for Damages (including pleadings received in a civil litigation or arbitration) for an actual or alleged Wrongful Act"). There can be no omnibus definition of a contractual term untethered to the particular contract at issue.

Because Mellesmoen's first "Claim" under the Policy was the demand for money in the complaint filed to commence the Lawsuit, and because IAC gave timely notice of that claim, the breach of contract claim survives Defendant's late notice defense.

### 2. Modification of the Contract

Alternatively, even if the Letter is construed to be a "Claim" under the Policy, the breach of contract claim survives because the Complaint sufficiently alleges facts to show that the parties' agreement was modified by their course of dealing -- specifically, that minor matters did not constitute "Claims" unless and until they appeared likely to ripen into significant legal proceedings.

Under New York law, parties may modify a contract "by another agreement, by course of performance, or by conduct amounting to a waiver or estoppel." *CT Chems. (U.S.A.), Inc. v. Vinmar Impex, Inc.*, 613 N.E.2d 159, 162 (N.Y. 1993); *accord Alessi Equip., Inc. v. Am. Piledriving Equip., Inc.*, 578 F. Supp. 3d 467, 502 (S.D.N.Y. 2022). "Notice requirements are to be liberally construed in favor of the insured . . . ." *Greenburgh Eleven Union Free Sch. Dist. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 758 N.Y.S.2d 291, 293 (1st Dep't 2003); *accord Olin Corp. v. Lamorak Ins. Co.*, 332 F. Supp. 3d 818, 840 (S.D.N.Y. 2018) (New York law).

"As a general rule, where a contract has a provision which explicitly prohibits oral modification, such clause is afforded great deference." *Healy v. Williams*, 818 N.Y.S.2d 121, 123 (2d Dep't 2006); *accord Volt Elec. NYC Corp. v. A.M.E., Inc.*, 586 F. Supp. 3d 262, 281 (S.D.N.Y. 2022) (New York law). However, "the law is abundantly clear in New York that, even where a contract specifically contains a nonwaiver clause and a provision stating that it cannot be modified except by a writing, it can, nevertheless, be effectively modified by actual performance and the parties' course of conduct." *Aiello v. Burns Int'l Sec. Servs. Corp.*, 973 N.Y.S.2d 88, 96 (1st Dep't 2013) (citing *Fundamental Portfolio Advisors, Inc. v. Tocqueville Asset Mgmt., L.P.*, 850 N.E.2d 653, 658 (N.Y. 2006)). "[W]hen a party's conduct induces another's significant and substantial reliance on the agreement to modify, albeit oral, that party may be estopped from disputing the modification notwithstanding [New York's statutory requirement of a writing]." *Rose v. Spa Realty Assocs.*, 366 N.E.2d 1279, 1281 (N.Y. 1977); *accord Eujoy Realty Corp. v. Van Wagner Commc'ns, LLC*, 4 N.E.3d 336, 340-41 (N.Y. 2013); *Signature Fin. LLC v. Garber*, 159 N.Y.S.3d 38, 39-40 (1st Dep't 2021); *see also Premier*

10

*Med. Sys., LLC v. NeuroLogica Corp.*, No. 21 Civ. 1337, 2022 WL 603999, at *9-10
(S.D.N.Y. Feb. 28, 2022) (New York law). "[C]onduct relied upon to establish estoppel
must not otherwise be compatible with the agreement as written." *Rose*, 366 N.E.2d at
1283; *accord Garcia v. Dezba Asset Recovery, Inc.*, No. 22 Civ. 1736, 2023 WL 2691756,
at *8 (S.D.N.Y. Mar. 29, 2023).

      Defendant argues that the breach of contract claim should be dismissed because
notice of the claim was untimely -- i.e., the claim was first made when Plaintiff received
the Letter in February 2016, and Plaintiff failed to report the claim by the end of the
Policy Period. The argument fails in light of the Complaint's allegations that the Policy
was modified so that minor matters did not constitute "Claims" unless and until they
appeared likely to ripen into significant legal proceedings. The allegations include that,
when Defendant issued the Policy in 2015, the parties had already established a course of
dealing. Defendant had issued liability policies covering IAC and its subsidiaries since
2008, and the parties had reached several explicit and implicit mutual understandings
during that time, including that the insureds would not notify Defendant of every
complaint, grievance or other assertion received.

      The Complaint alleges that Defendant and the insureds discussed the modification
during one or more insurance renewal meetings that pre-dated the issuance of the Policy.
Defendant was reminded of the modification during regularly scheduled meetings
attended by Defendant's outside counsel and representatives of the insureds. Defendant
offered no objection and, to the contrary, made clear that it did not expect to be notified
of every single demand against the insureds. If these allegations are true, therefore, over
the parties' seven-year course of performance, Defendant "induce[d] . . . significant and

11

substantial reliance on the agreement to modify, albeit oral," and is "estopped from disputing the modification notwithstanding [New York's statutory requirement of a writing]." *Rose*, 366 N.E.2d at 1281; *accord Signature Fin. LLC*, 159 N.Y.S.3d at 39-40; *see also Aircraft Servs. Resales LLC v. Oceanic Cap. Co.*, No. 9 Civ. 8129, 2013 WL 4400453, at *6 (S.D.N.Y. Aug. 14, 2013) (applying New York law and holding parties' conduct established enforceable oral modifications despite no-oral-modification clause). That a de minimis or frivolous written demand for money did not constitute a "Claim" is not otherwise compatible with the agreement as written, which defines "Claim" to include an unqualified "written demand for money." *See Rose*, 366 N.E.2d at 1283 ("[C]onduct relied upon to establish estoppel must not otherwise be compatible with the agreement as written.").

Under the Policy as modified, Plaintiff provided timely notice. The Letter, received February 16, 2016, was not a "Claim" because it appeared to be meritless and frivolous. According to the Complaint, the underlying grievance was based on a meeting -- held in a shopping mall -- between Mellesmoen and Rad, the then-CEO of Tinder, Inc. Mellesmoen alleged that he presented Rad with product and marketing ideas, for which Rad promised Mellesmoen compensation, and that Tinder, Inc. later used his ideas without compensating him. IAC viewed the Letter as frivolous and responded to Mellesmoen via a letter that explained why his assertions were meritless and not to be taken seriously. As the insureds determined it was unlikely that Mellesmoen would initiate a formal claim or lawsuit against any insured, let alone a claim or lawsuit that would exceed the Policy's $1,000,000 retention, no "Claim" as to the insureds was then made.

Based on the alleged Policy modification which arose from the parties' alleged course of dealing, Defendant's motion to dismiss the breach of contract claim is denied. *See, e.g.*, *Concourse Rehab. & Nursing Ctr. Inc. v. Exec. Risk Indem. Inc.*, No. 8 Civ. 9040, 2010 WL 4642357, at *2 (S.D.N.Y. Nov. 12, 2010) (denying motion to dismiss where the amended complaint and supporting affidavit contained "factual allegations that the parties' course of conduct was to provide notice once the matter proceeded beyond the EEOC level, which, taken as true, could support a finding that Plaintiff's notice was not untimely"); *Randolph Equities, LLC v. Carbon Cap., Inc.*, No. 5 Civ. 10889, 2007 WL 914234, at *3 (S.D.N.Y. Mar. 26, 2007) ("At this early stage of the pleadings, Plaintiffs' allegation that the parties' course of dealings modified the Second Commitment Letter, despite the no-oral modification clause, is sufficient. . . . Plaintiffs . . . have adequately alleged the performance of their obligations . . . Therefore, [Defendant's] motion to dismiss the contract claim is denied."); *Premier Med. Sys., LLC*, 2022 WL 603999, at *9-10 (similar).

Defendant's arguments to the contrary are unavailing. First, Defendant suggests that it "is simply implausible that [Plaintiff] and [Defendant] would orally negotiate critical coverage terms of the Policy at renewal meetings, but never add those terms to the written contract." But factual allegations in the Complaint are assumed to be true, "even if doubtful in fact." *Glaser v. Upright Citizens Brigade, LLC*, 377 F. Supp. 3d 387, 393 (S.D.N.Y. 2019) (citing *Twombly*, 550 U.S. at 555).

Second, Defendant argues that the allegations in the Complaint "blatantly contradict[]" the initial complaint, and that Plaintiff never explains why the initial complaint omitted "the reporting provision applicable to Claims made in the last sixty

13

days of the Policy Period," a provision critical to Plaintiff's theory that Mellesmoen's claim was first made with the filing of the Lawsuit, and that the Letter did not constitute a Claim. Defendant is referring to the policy provision on which Plaintiff relies for its argument that its notice of the Lawsuit was timely, an assertion that Defendant does not seem otherwise to dispute.[2]

This argument is unpersuasive. "[W]here a plaintiff blatantly changes his statement of the facts in order to respond to the defendant's motion to dismiss and directly contradicts the facts set forth in his original complaint, a court is authorized to accept the facts described in the original complaint as true." *Vasquez v. Reilly*, No. 15 Civ. 9528, 2017 WL 946306, at *3 (S.D.N.Y Mar. 9, 2017). Here, the Complaint does not contradict the facts pleaded in the initial complaint, including its allegations about the oral modification. For example, the initial complaint alleged that "it was understood by [Defendant] and the insureds that the insureds had no obligation to notify [Defendant] of minor matters that could potentially implicate their insurance policies unless and until the insureds determined that such matters were substantially likely to develop into formal claims made or filed against them," which is consistent with allegations in the Complaint. That the initial complaint did not refer to a notice provision does not support Defendant's argument that Plaintiff "blatantly changed" its story in a way that "directly contradicts" its earlier pleading.

---

[2] The Complaint alleges that the Claim was first made on August 18, 2016, when the insureds received notice of the Lawsuit the day before. The coverage period under the Policy ended August 20, 2016. Plaintiff, through its insurance broker, notified Defendant of the claim on August 22, 2016, well within the required "sixty (60) days after the expiration date of the Policy Period in the case of Claims first made against the Insured during the last sixty (60) days of the Policy Period."

### 3.    Remaining Causes of Action

The Complaint asserts two causes of action based on Defendant's failure to disclose promptly its disclaimer of coverage based on late notice.  Plaintiff alleges that an earlier disclaimer would have allowed the insureds to purchase the Optional Extension Period to cover the claim.  These two causes of action -- breach of the implied covenant of good faith and fair dealing (part of Count 1) and equitable estoppel (Count 2) -- are dismissed because the premise on which Plaintiff relies is incorrect.  The Optional Extension Period would have had no effect on the Mellesmoen claim, whether it was first made on February 16, 2016, when the Plaintiff received the Letter, or on August 18, 2016, when Plaintiff received notice of the Lawsuit.

The Policy provides for an Optional Extension Period -- an option for the insured to extend coverage for a period of one, two or three years beyond the original policy period by paying an additional premium.  "Optional Extension Period" is defined in Section VI. X. as "the period of time after the end of the Policy Period for reporting Claims as provided in Clause X., Optional Extension Period . . . ."  Section X. A. of the Policy states that the Optional Extension Period provides coverage only for "Claims first made against any Insured and reported to [Defendant] during the Optional Extension Period."  Here, the Claim was made either on February 16 or August 18, 2016, in either case during the Policy Period, which ended August 20, 2016, and not during the Optional Extension Period.

Plaintiff argues that the Optional Extension Period extends the notice period for "all Claims," not just those made during the Optional Extension Period.  Plaintiff relies on the notice provision, which states: "all Claims made against any Insured must be

reported no later than . . . (iii) the end of the Optional Extension Period (if applicable)."
Plaintiff's position is untenable because it asks the Court to ignore the unambiguous
language in Section X of the Policy, which makes clear that the Optional Extension
Period extends only to claims first made during the Optional Extension Period. *See*
*Nomura Home Equity Loan, Inc., Series 2006-FM2, by HSBC Bank USA, Nat'l Ass'n v.*
*Nomura Credit & Cap., Inc.*, 92 N.E.3d 743, 748 (N.Y. 2017) ("[A] contract must be
construed in a manner which gives effect to each and every part, so as not to render any
provision meaningless or without force or effect.").  Plaintiff's interpretation is therefore
rejected, and the breach of implied covenant claim and equitable estoppel claim are
dismissed.

## IV.   CONCLUSION

For the reasons stated above, the motion to dismiss is GRANTED in part and DENIED in
part.  The motion to dismiss the claims for breach of the implied covenant of good faith and fair
dealing and equitable estoppel is granted.  The motion to dismiss the breach of contract claim is
otherwise denied.

By June 8, 2023, Defendant shall file a letter stating why Plaintiff should not be granted
summary judgment on the surviving contract claim based on the discussion in Section III.A.1
above.  A court may apply an unambiguous contract term to undisputed facts to grant summary
judgment to either party.  *See Fischer & Mandell, LLP v. Citibank, N.A.*, 632 F.3d 793, 799 (2d
Cir. 2011) ("Summary judgment is appropriate if the terms of the contract are unambiguous.")
(New York law); *accord Metwally v. City of New York*, No. 19 Civ. 8206, 2023 WL 2808215, at
*3 (S.D.N.Y. Apr. 6, 2023) (New York law) (granting summary judgment based on the "clear and
unambiguous language" of the contract).

16

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 33.

Dated: May 25, 2023
    New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

17

# Exhibit 2

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

MATCH GROUP, LLC,

              Plaintiff,

v.

BEAZLEY UNDERWRITING LIMITED,

              Defendant.

Case No.:  1:22-cv-04629-LGS

So Ordered.

Dated: June 22, 2023
     New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

## JUDGMENT

WHEREAS, Plaintiff Match Group, LLC ("Plaintiff") initiated the above-captioned action by filing a complaint on June 3, 2022 with the Clerk of the Court of the United States District Court for the Southern District of New York [Dkt. 1];

WHEREAS, Plaintiff filed an amended complaint on July 25, 2022, through which it asserted breach of contract and equitable estoppel claims against Defendant Beazley Underwriting Limited ("Defendant") [Dkt. 26];

WHEREAS, Defendant filed a motion to dismiss Plaintiff's amended complaint on September 2, 2022 [Dkt. 33];

WHEREAS, on May 25, 2023, the Court granted Defendant's motion to dismiss with respect to Plaintiff's equitable estoppel claim, but denied in part Defendant's motion to dismiss with respect to Plaintiff's breach of contract claim [Dkt. 48 at 16];

WHEREAS, in the Court's Opinion and Order on Defendant's Motion to Dismiss, the Court ordered Defendant to file a letter stating why Plaintiff should not be granted summary judgment on its contract claim given the Court's Opinion and Order [Dkt. 48 at 16];

WHEREAS, on June 7, 2023, Defendant filed a letter addressed to the Court in which it stated that it disagreed with the Court's decision and intended to challenge the ruling on appeal, but agreed that a motion for summary judgment in favor of Plaintiff on its breach of contract claim would have to be granted given the Court's Opinion and Order issued on May 25, 2023 [Dkt. 50];

WHEREAS, Defendant's letter dated June 7, 2023 also represented that the parties agreed that, as of June 9, 2023, Plaintiff's damages, including pre-judgment interest, totaled $3,619,797.48 [Dkt. 50];

WHEREAS, on June 13, 2023, Plaintiff filed a response to Defendant's letter in which it indicated that it agreed that summary judgment in its favor on its breach of contract claim was warranted given the Court's Opinion and Order issued on May 25, 2023 [Dkt. 52];

WHEREAS, Plaintiff's letter dated June 13, 2023 also represented that the parties agreed that Plaintiff's contract damages, plus pre-judgment interest, totaled $3,619,797.48 as of June 9, 2023, and that from June 9, 2023, forward, pre-judgment interest would accrue at a rate of $739.43 per day until entry of judgment [Dkt. 52];

WHEREAS, on June 14, 2023, the Court issued a Memo Endorsement on Plaintiff's letter in which it ordered the parties to "file a mutually agreeable form of Judgment" by June 21, 2023 [Dkt. 53];

WHEREAS, through its Memo Endorsement dated June 14, 2023, the Court also ruled that entry of judgment would not be delayed pending Plaintiff's forthcoming motion for attorneys' fees, which must be filed by June 30, 2023;

WHEREAS, Defendant intends to file an appeal from the judgment upon its entry;

WHEREAS, although Defendant disagrees with the substance of the Court's ruling and its legal conclusions, the parties consent to the form of this Judgment, which they have each reviewed;

NOW, upon this application of Plaintiff for judgment, it is hereby:

*ORDERED, ADJUDGED AND DECREED* that Plaintiff, upon its breach of contract claim against Defendant, shall be awarded judgment and shall recover against Defendant $3,628,670.64 in contract damages and pre-judgment interest through June 21, 2023, plus additional pre-judgment accruing at a daily rate of $739.43 from June 21, 2023 until the date this Judgment is entered in an amount equal to $_____, making in all the sum of $_____ that Plaintiff shall be granted execution therefor as its contract damages plus pre-judgment interest (the "Judgment Amount");

*ORDERED, ADJUDGED AND DECREED* that Plaintiff shall also be awarded and shall recover against Defendant post-judgment interest on the Judgment Amount, in accord with 28 U.S.C. § 1961(a)–(b), at 5.23%[1] computed daily and compounded annually from the date this Judgment is entered until Defendant satisfies this Judgment (including the interest); and

*ORDERED, ADJUDGED AND DECREED* that the Clerk of the Court is directed to enter Judgment in this case in favor of Plaintiff and against Defendant in the amounts specified above.

SO ORDERED.     The Clerk of Court is respectfully directed to close the case.

Dated:  June _____, 2023
        New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

---

[1] 5.23% is the weekly average one-year constant maturity Treasury yield for the calendar week preceding the week of June 19, 2023.  If this Judgment is not entered during the week of June 19, 2023, then the post-judgment interest rate shall be adjusted accordingly.

# Exhibit 3

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

Match Group, LLC,

_____

(List the full name(s) of the plaintiff(s)/petitioner(s).)

-against-

Beazley Underwriting Limited,

_____

(List the full name(s) of the defendant(s)/respondent(s).)

1:22- CV -4629_____ ( LGS )(*SLC*)

## NOTICE OF APPEAL

Notice is hereby given that the following parties: Beazley Underwriting Limited

_____

(list the names of all parties who are filing an appeal)

in the above-named case appeal to the United States Court of Appeals for the Second Circuit

from the ☒ judgment ☐ order entered on: June 22, 2023

(date that judgment or order was entered on docket)

that: was entered in favor of plaintiff Match Group, LLC upon its breach of contract claim.

_____

(If the appeal is from an order, provide a brief description above of the decision in the order.)

7/19/23
Dated

Signature*

Zelig, Jonathan, S., Day Pitney LLP

Name (Last, First, MI)

| One Federal Street , Fl 29 | Boston | MA | 02110 |
|---|---|---|---|
| Address | City | State | Zip Code |

| (617) 345-4601 | jzelig@daypitney.com |
|---|---|
| Telephone Number | E-mail Address (if available) |

_____

* Each party filing the appeal must date and sign the Notice of Appeal and provide his or her mailing address and telephone number, EXCEPT that a signer of a pro se notice of appeal may sign for his or her spouse and minor children if they are parties to the case. Fed. R. App. P. 3(c)(2). Attach additional sheets of paper as necessary.

Rev. 12/23/13

# Exhibit 4

8/1/23, 2:59 PM

Case 23-1058, Document 10, 08/01/2023, 3542948, Page31 of 41
SDNY CM/ECF NextGen Version 1.

**Query** **Reports** **Utilities** **Help** **Log Out**

CLOSED,APPEAL,CASREF,ECF

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:22-cv-04629-LGS-SLC

Match Group, LLC v. Beazley Underwriting Limited
Assigned to: Judge Lorna G. Schofield
Referred to: Magistrate Judge Sarah L Cave
Demand: $3,965,000
Cause: 28:1332in Diversity-Insurance Contract

Date Filed: 06/03/2022
Date Terminated: 06/22/2023
Jury Demand: Plaintiff
Nature of Suit: 110 Insurance
Jurisdiction: Diversity

**Plaintiff**

**Match Group, LLC**                      represented by **Ernest Martin , Jr**
Haynes and Boone, LLP
2323 Victory Avenue
Ste 700
Dallas, TX 75219
214-651-5641
Fax: 214-200-0519
Email: ernest.martin@haynesboone.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Greg Van Houten**
Haynes and Boone, LLP
800 17th Street NW, Suite 500
Washington, DC 20006
202-654-4562
Email: greg.vanhouten@haynesboone.com
*ATTORNEY TO BE NOTICED*

**Rebecca E. Schwarz**
Haynes and Boone, LLP
30 Rockefeller Plaza
26th Floor
New York, NY 10112
212-659-4975
Email: rebecca.schwarz@haynesboone.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Beazley Underwriting Limited**          represented by **Jonathan Seth Zelig**
Day Pitney LLP
One International Place
Boston, MA 02110
617-345-4600

Fax: 617-345-4745
Email: jzelig@daypitney.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph Timothy Nawrocki**
Day Pitney LLP (Hartford)
242 Trumbull Street
Hartford, CT 06103
860-275-0356
Fax: 860-275-0343
Email: jnawrocki@daypitney.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/03/2022 | 1 | COMPLAINT against Beazley Underwriting Limited. (Filing Fee $ 402.00, Receipt Number ANYSDC-26235719)Document filed by Match Group, LLC. (Attachments: # 1 Exhibit A - 2015-16 Beazley Policy, # 2 Exhibit B - Complaint Filed in Mellesmoen Lawsuit).(Schwarz, Rebecca) (Entered: 06/03/2022) |
| 06/03/2022 | 2 | CIVIL COVER SHEET filed..(Schwarz, Rebecca) (Entered: 06/03/2022) |
| 06/03/2022 | 3 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Match Group Holdings II, LLC, Other Affiliate Match Group, Inc., Other Affiliate Match Group Holdings I, LLC for Match Group, LLC. Document filed by Match Group, LLC.. (Schwarz, Rebecca) (Entered: 06/03/2022) |
| 06/03/2022 | 4 | REQUEST FOR ISSUANCE OF SUMMONS as to Beazley Underwriting Limited, re: 1 Complaint,. Document filed by Match Group, LLC..(Schwarz, Rebecca) (Entered: 06/03/2022) |
| 06/06/2022 | | **\*\*\*NOTICE TO ATTORNEY REGARDING CIVIL. CASE OPENING STATISTICAL ERROR CORRECTION: Notice to attorney Rebecca E. Schwarz. The following case opening statistical information was erroneously selected/entered: Citizenship Plaintiff code 2 (Citizen of Another State); County code New York. The following correction(s) have been made to your case entry: the Citizenship Plaintiff code has been modified to 5 (Incorporated/Principal Place of Business-Other State); the County code has been modified to XX Out of State. (vf)** (Entered: 06/06/2022) |
| 06/06/2022 | | **\*\*\*NOTICE TO ATTORNEY REGARDING PARTY MODIFICATION. Notice to attorney Rebecca E. Schwarz. The party information for the following party/parties has been modified: Beazley Underwriting Ltd. The information for the party/parties has been modified for the following reason/reasons: party name entered incorrectly. (vf)** (Entered: 06/06/2022) |
| 06/06/2022 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Lorna G. Schofield. Please download and review the Individual Practices of the assigned District Judge, located at https://nysd.uscourts.gov/judges/district-judges. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at https://nysd.uscourts.gov/rules/ecf-related-instructions..(vf) (Entered: 06/06/2022) |

| 06/06/2022 | | Magistrate Judge Sarah L. Cave is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf. (vf) (Entered: 06/06/2022) |
|---|---|---|
| 06/06/2022 | | Case Designated ECF. (vf) (Entered: 06/06/2022) |
| 06/06/2022 | 5 | ELECTRONIC SUMMONS ISSUED as to Beazley Underwriting Limited. (vf) (Entered: 06/06/2022) |
| 06/09/2022 | 6 | WAIVER OF SERVICE RETURNED EXECUTED. All Defendants. Document filed by Match Group, LLC..(Schwarz, Rebecca) (Entered: 06/09/2022) |
| 06/09/2022 | 7 | CONSENT MOTION for Gregory E. Van Houten to Appear Pro Hac Vice *on behalf of Plaintiff Match Group, LLC.* Filing fee $ 200.00, receipt number ANYSDC-26263991. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Match Group, LLC. (Attachments: # 1 Affidavit of Greg Van Houten, # 2 Exhibit New York State Certificate of Good Standing, # 3 Exhibit District of Columbia Certificate of Good Standing, # 4 Text of Proposed Order Granting Motion).(Van Houten, Greg) (Entered: 06/09/2022) |
| 06/10/2022 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 7 CONSENT MOTION for Gregory E. Van Houten to Appear Pro Hac Vice *on behalf of Plaintiff Match Group, LLC.* Filing fee $ 200.00, receipt number ANYSDC-26263991. Motion and supporting papers to be reviewed by Clerk's. The document has been reviewed and there are no deficiencies. (sgz) (Entered: 06/10/2022)** |
| 06/13/2022 | 8 | CONSENT MOTION for Ernest Martin, Jr. to Appear Pro Hac Vice *on behalf of Plaintiff, Match Group, LLC.* Filing fee $ 200.00, receipt number ANYSDC-26275864. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Match Group, LLC. (Attachments: # 1 Affidavit of Ernest Martin, Jr., # 2 Exhibit Texas State Bar Certificate of Good Standing, # 3 Exhibit Texas Supreme Court Certificate of Good Standing, # 4 Text of Proposed Order Granting Motion to Appear Pro Hac Vice).(Martin, Ernest) (Entered: 06/13/2022) |
| 06/14/2022 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 8 CONSENT MOTION for Ernest Martin, Jr. to Appear Pro Hac Vice *on behalf of Plaintiff, Match Group, LLC.* Filing fee $ 200.00, receipt number ANYSDC-26275864. Motion and supporting papers to be reviewed by Clerk's O. The document has been reviewed and there are no deficiencies. (sgz) (Entered: 06/14/2022)** |
| 06/23/2022 | 9 | NOTICE OF APPEARANCE by Jonathan Seth Zelig on behalf of Beazley Underwriting Limited..(Zelig, Jonathan) (Entered: 06/23/2022) |
| 06/23/2022 | 10 | **FILING ERROR - NOT ALL CORPORATE PARENTS/OTHER AFFILIATES WERE ADDED -** RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Beazley plc. for Beazley Underwriting Limited. Document filed by Beazley Underwriting Limited..(Zelig, Jonathan) Modified on 6/23/2022 (lb). (Entered: 06/23/2022) |
| 06/23/2022 | 11 | NOTICE OF APPEARANCE by Joseph Timothy Nawrocki on behalf of Beazley Underwriting Limited..(Nawrocki, Joseph) (Entered: 06/23/2022) |
| 06/23/2022 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Notice to Attorney Jonathan Seth Zelig to RE-FILE Document No. 10 Rule 7.1 Corporate Disclosure Statement,. The filing is deficient for the following reason(s): not all corporate parents/other affiliates were added;. Re-file** |

| | | |
|---|---|---|
| | | **the document using the event type Rule 7.1 Corporate Disclosure Statement found under the event list Other Documents - select the correct filer/filers - attach the correct PDF - when prompted with the message "Are there any corporate parents or other affiliates?", select the Yes radio button - enter the corporate parent/other affiliate, click the Search button - select the correct corporate parent/other affiliate name from the search results list or if no person found, create a new corporate parent/other affiliate - select the party to whom the corporate parent/other affiliate should be linked - add corporate parent/other affiliate names one at a time. (lb)** (Entered: 06/23/2022) |
| 06/23/2022 | 12 | SECOND RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Beazley plc., Corporate Parent Beazley Furlonge Holdings Ltd, Corporate Parent Beazley Group Ltd. for Beazley Underwriting Limited. Document filed by Beazley Underwriting Limited..(Zelig, Jonathan) (Entered: 06/23/2022) |
| 06/24/2022 | 13 | ORDER: This case has been assigned to me for all purposes. It is hereby ORDERED that a telephone conference will be held on August 10, 2022 at 4:30 p.m. The parties shall call (888) 363-4749 and enter the access code 558-3333. The telephonic conference is public, and the time of the conference is approximate, but the parties shall be ready to proceed by that time. All pretrial conferences must be attended by the attorney who will serve as principal trial counsel. The parties shall ensure they are all dialed into the conference call by the appointed conference time. IPTC Materials Due: 8/03/2022 at noon. And as set forth herein.Telephonic Initial Conference set for 8/10/2022 at 04:30 PM before Judge Lorna G. Schofield. (Signed by Judge Lorna G. Schofield on 6/24/2022) (ama) (Entered: 06/24/2022) |
| 06/27/2022 | 14 | NOTICE of Plaintiff's Service of Court's Recent Order and Individual Rules Upon Defendant's Attorneys re: 13 Order for Initial Pretrial Conference,,,,. Document filed by Match Group, LLC..(Van Houten, Greg) (Entered: 06/27/2022) |
| 06/30/2022 | 15 | LETTER MOTION for Conference *Pre-Motion to Dismiss* addressed to Judge Lorna G. Schofield from Jonathan S. Zelig dated June 30, 2022. Document filed by Beazley Underwriting Limited..(Zelig, Jonathan) (Entered: 06/30/2022) |
| 07/01/2022 | 16 | ORDER with respect to 15 Letter Motion for Conference re: 15 LETTER MOTION for Conference *Pre-Motion to Dismiss* addressed to Judge Lorna G. Schofield from Jonathan S. Zelig dated June 30, 2022. By July 7, 2022, Plaintiff shall file a response to this letter. SO ORDERED. (Signed by Judge Lorna G. Schofield on 7/1/2022) (tg) (Entered: 07/01/2022) |
| 07/01/2022 | | Set/Reset Deadlines: Responses due by 7/7/2022 (tg) (Entered: 07/01/2022) |
| 07/06/2022 | 17 | ORDER granting 7 Motion for Gregory E. Van Houten to Appear Pro Hac Vice (HEREBY ORDERED by Judge Lorna G. Schofield)(Text Only Order) (jcs) (Entered: 07/06/2022) |
| 07/06/2022 | 18 | ORDER granting 8 Motion for Ernest Martin, Jr. to Appear Pro Hac Vice (HEREBY ORDERED by Judge Lorna G. Schofield)(Text Only Order) (jcs) (Entered: 07/06/2022) |
| 07/07/2022 | 19 | RESPONSE re: 15 LETTER MOTION for Conference *Pre-Motion to Dismiss* addressed to Judge Lorna G. Schofield from Jonathan S. Zelig dated June 30, 2022. . Document filed by Match Group, LLC..(Martin, Ernest) (Entered: 07/07/2022) |
| 07/11/2022 | 20 | ORDER terminating 15 Letter Motion for Conference re: 15 LETTER MOTION for Conference *Pre-Motion to Dismiss* addressed to Judge Lorna G. Schofield from Jonathan S. Zelig dated June 30, 2022. It is further ORDERED that Defendant's motion to dismiss the operative complaint will be briefed according to the following schedule: By August 12, 2022, Defendant shall file its motion, not to exceed twenty-five (25) pages. By September 2, 2022, Plaintiff shall file its opposition, not to exceed twenty-five (25) pages. By |

| | | September 12, 2022, Defendant shall file any reply, not to exceed ten (10) pages. The parties' submissions shall comply with the Court's Individual Rules in all respects. If the aforementioned briefing schedule conflicts with counsels' scheduled parental leave, the parties may propose an alternative schedule. It is further ORDERED that Defendant's application to stay discovery pending resolution of its motion to dismiss is DENIED, as it is not the Court's practice to stay discovery pending resolution of a motion to dismiss. It is further ORDERED that the parties shall meet and confer and by July 18, 2022, file a joint letter stating whether they are open to participating in (i) a settlement conference with Magistrate Judge Sarah L. Cave or (ii) the Court's mediation program, prior to motion practice. The Court reserves decision on Defendant's motion to adjourn the initial pretrial conference scheduled for August 10, 2022 pending review of the parties' joint letter and proposed case management plan and scheduling order. The Clerk of Court is respectfully directed to close the motion at Docket No. 15. (Signed by Judge Lorna G. Schofield on 7/11/22) (yv) (Entered: 07/11/2022) |
|------------|----|---|
| 07/11/2022 | | Set/Reset Deadlines: Amended Pleadings due by 7/22/2022. Motions due by 8/12/2022. Responses due by 9/2/2022. Replies due by 9/12/2022. (yv) (Entered: 07/11/2022) |
| 07/18/2022 | 21 | LETTER addressed to Judge Lorna G. Schofield from Match Group, LLC and Beazley Underwriting, Ltd. dated July 18, 2022 re: Settlement Conference. Document filed by Beazley Underwriting Limited..(Nawrocki, Joseph) (Entered: 07/18/2022) |
| 07/19/2022 | 22 | ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for Settlement. Referred to Magistrate Judge Sarah L Cave. SO ORDERED. (Signed by Judge Lorna G. Schofield on 7/19/2022) (vfr) (Entered: 07/19/2022) |
| 07/19/2022 | 23 | MEMO ENDORSEMENT on re: 21 Letter filed by Beazley Underwriting Limited. ENDORSEMENT: Application GRANTED IN PART. A referral order will issue separately. The application for a stay is DENIED. The initial pretrial conference scheduled for August 10, 2022, is adjourned to August 24, 2022, at 4:30 p.m., on the following conference line: 888-363-4749, access code: 558-3333. The briefing schedule for Defendant's motion to dismiss is modified as follows: (i) by September 2, 2022, Defendant shall file its motion, (ii) by September 16, 2022, Plaintiff shall file its opposition, and (iii) by September 26, 2022, Defendant shall file any reply. (Motions due by 9/2/2022. Responses due by 9/16/2022. Replies due by 9/26/2022. Initial Conference set for 8/24/2022 at 04:30 PM before Judge Lorna G. Schofield.) (Signed by Judge Lorna G. Schofield on 7/19/2022) (mml) (Entered: 07/19/2022) |
| 07/20/2022 | 24 | ORDER: This action has been referred to the undersigned for Settlement (ECF No. 22). Accordingly, a Telephone Conference to schedule a Settlement Conference is scheduled for Monday, August 22, 2022 at 10:30 a.m. on the Courts conference line. The parties are directed to call: (866) 390-1828; access code: 380-9799, at the scheduled time. And as set forth herein. SO ORDERED., (Telephone Conference set for 8/22/2022 at 10:30 AM before Magistrate Judge Sarah L Cave.) (Signed by Magistrate Judge Sarah L Cave on 7/20/2022) (ama) (Entered: 07/20/2022) |
| 07/21/2022 | | Set/Reset Hearings: Telephone Conference set for 8/22/2022 at 10:30 AM before Magistrate Judge Sarah L Cave. (ne) (Entered: 07/21/2022) |
| 07/22/2022 | 25 | **FILING ERROR - DEFICIENT PLEADING - FILED AGAINST PARTY ERROR** FIRST AMENDED COMPLAINT amending 1 Complaint against Match Group, LLC with JURY DEMAND.Document filed by Match Group, LLC. Related document: 1 Complaint. (Attachments: # 1 Exhibit A - 2015-16 Policy, # 2 Exhibit B - Complaint Filed in Mellesmoen Lawsuit).(Martin, Ernest) Modified on 7/25/2022 (sj). (Entered: 07/22/2022) |

| | | |
|---|---|---|
| 07/25/2022 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT PLEADING. Notice to Attorney Ernest Martin, Jr to RE-FILE Document No. 25 Amended Complaint. The filing is deficient for the following reason(s): the wrong party/parties whom the pleading is against were selected. Re-file the pleading using the event type Amended Complaint found under the event list Complaints and Other Initiating Documents - attach the correct signed PDF - select the individually named filer/filers - select the individually named party/parties the pleading is against. (sj) (Entered: 07/25/2022) |
| 07/25/2022 | 26 | FIRST AMENDED COMPLAINT amending 1 Complaint, against Beazley Underwriting Limited with JURY DEMAND.Document filed by Match Group, LLC. Related document: 1 Complaint,. (Attachments: # 1 Exhibit A - 2015-16 Policy, # 2 Exhibit B- Complaint Filed in Mellesmoen Lawsuit).(Martin, Ernest) (Entered: 07/25/2022) |
| 08/03/2022 | 27 | PROPOSED CASE MANAGEMENT PLAN. Document filed by Match Group, LLC.. (Schwarz, Rebecca) (Entered: 08/03/2022) |
| 08/03/2022 | 28 | JOINT LETTER addressed to Judge Lorna G. Schofield from Ernest Martin dated August 3, 2022 re: Joint Letter Pursuant to June 24, 2022 Order. Document filed by Match Group, LLC..(Martin, Ernest) (Entered: 08/03/2022) |
| 08/04/2022 | 29 | ORDER: It is hereby ORDERED that the August 24, 2022, initial pretrial conference is cancelled. If the parties believe that a conference would nevertheless be useful, they should inform the court immediately so the conference can be reinstated. The case management plan and scheduling order will issue in a separate order. The parties' attention is particularly directed to the provisions for periodic status letters, and the need for a pre-motion letter to avoid cancellation of the final conference and setting of a trial date. The parties should be aware that the Court does not extend the deadlines for fact and expert discovery absent compelling circumstances. (Signed by Judge Lorna G. Schofield on 8/04/2022) (ama) (Entered: 08/04/2022) |
| 08/04/2022 | 30 | CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER: This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3). All parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. See 28 U.S.C. § 636(c). At this time, the parties have a telephone conference with Magistrate Judge Sarah Cave, scheduled for Monday, August 22, 2022 at 10:30 a.m. to discuss a Settlement Conference. Joinder of Parties due by 9/2/2022. Deposition due by 12/8/2022. All Fact Discovery due by 12/8/2022. All Expert Discovery due by 1/23/2023. This case is to be tried to a jury. Counsel for the parties have conferred and their present best estimate of the length of trial is one (1) to three (3) days. Pre-Motion Conference set for 2/8/2023 at 04:30 PM before Judge Lorna G. Schofield. Telephone Conference set for 8/22/2022 at 10:30 AM before Magistrate Judge Sarah L Cave. The motion will be discussed at the conference. To join the conference, the parties shall call (888) 363-4749 and use Access Code 558-3333. The time of the conference is approximate, but the parties shall be ready to proceed at that time. And as set forth herein. SO ORDERED. (Signed by Judge Lorna G. Schofield on 8/04/2022) (ama) (Entered: 08/04/2022) |
| 08/22/2022 | | Minute Entry for proceedings held before Magistrate Judge Sarah L Cave: Telephone Conference held on 8/22/2022. Attorney Ernest Martin, Jr. and Rebecca E. Schwarz appeared on behalf of Plaintiff. Attorney Jonathan Seth Zelig appeared on behalf of Defendant. (ne) (Entered: 08/22/2022) |
| 08/22/2022 | 31 | ORDER, Pursuant to the telephonic scheduling conference held today, August 22, 2022, a Telephone Conference to schedule a potential Settlement Conference is scheduled for Monday, October 3, 2022 at 10:00 a.m. on the Court's conference line. The parties are directed to call: (866) 390-1828; access code: 380-9799, at the scheduled time. SO |

| | | ORDERED. ( Telephone Conference set for 10/3/2022 at 10:00 AM before Magistrate Judge Sarah L Cave.) (Signed by Magistrate Judge Sarah L Cave on 8/22/22) (yv) (Entered: 08/22/2022) |
|---|---|---|
| 08/31/2022 | 32 | FIRST LETTER MOTION for Extension of Time to File Response/Reply *to Defendant's Motion to Dismiss* addressed to Judge Lorna G. Schofield from Ernest Martin dated August 31, 2022. Document filed by Match Group, LLC..(Martin, Ernest) (Entered: 08/31/2022) |
| 09/02/2022 | 33 | MOTION to Dismiss *Pursuant to Rule 12(b)(6)*. Document filed by Beazley Underwriting Limited. Responses due by 9/16/2022.(Zelig, Jonathan) (Entered: 09/02/2022) |
| 09/02/2022 | 34 | MEMORANDUM OF LAW in Support re: 33 MOTION to Dismiss *Pursuant to Rule 12(b)(6)*. . Document filed by Beazley Underwriting Limited. (Attachments: # 1 Affidavit in Support of Motion, # 2 Exhibit to Singer Declaration).(Zelig, Jonathan) (Entered: 09/02/2022) |
| 09/02/2022 | 35 | ORDER granting 32 FIRST LETTER MOTION for Extension of Time to File Response/Reply *to Defendant's Motion to Dismiss* addressed to Judge Lorna G. Schofield from Ernest Martin dated August 31, 2022. Application GRANTED. Plaintiff shall file its opposition by September 28, 2022. Defendant shall file its reply by October 7, 2022. Responses due by 9/28/2022 Replies due by 10/7/2022. (Signed by Judge Lorna G. Schofield on 9/2/2022) (mml) (Entered: 09/02/2022) |
| 09/28/2022 | 36 | MEMORANDUM OF LAW in Opposition re: 33 MOTION to Dismiss *Pursuant to Rule 12(b)(6)*. . Document filed by Match Group, LLC..(Martin, Ernest) (Entered: 09/28/2022) |
| 09/30/2022 | 37 | STATUS REPORT. Document filed by Beazley Underwriting Limited..(Zelig, Jonathan) (Entered: 09/30/2022) |
| 10/03/2022 | | Minute Entry for proceedings held before Magistrate Judge Sarah L Cave: Telephone Conference held on 10/3/2022. Attorneys Ernest Martin, Jr. and Greg Van Houten appeared on behalf of Plaintiff. Attorney Jonathan Seth Zelig appeared on behalf of Defendant. The parties are not interested in scheduling a settlement conference at this time. (ne) (Entered: 10/04/2022) |
| 10/07/2022 | 38 | REPLY MEMORANDUM OF LAW in Support re: 33 MOTION to Dismiss *Pursuant to Rule 12(b)(6)*. . Document filed by Beazley Underwriting Limited..(Zelig, Jonathan) (Entered: 10/07/2022) |
| 10/14/2022 | 39 | LETTER MOTION to Stay *Partial Discovery* addressed to Judge Lorna G. Schofield from Joint Motion dated October 14, 2022. Document filed by Beazley Underwriting Limited.. (Zelig, Jonathan) (Entered: 10/14/2022) |
| 10/17/2022 | 40 | ORDER granting 39 LETTER MOTION to Stay *Partial Discovery* addressed to Judge Lorna G. Schofield from Joint Motion dated October 14, 2022. Application GRANTED. Deposition discovery (including non-party depositions) and all expert discovery are stayed until the resolution of the pending motion to dismiss. At that time, the parties will have at most 60 days to complete any remaining discovery. No extensions will be granted absent extraordinary circumstances. The deadline for the parties to complete production of responsive documents is extended to December 8, 2022. (Signed by Judge Lorna G. Schofield on 10/17/2022) (mml) (Entered: 10/17/2022) |
| 11/29/2022 | 41 | PROPOSED PROTECTIVE ORDER. Document filed by Match Group, LLC..(Van Houten, Greg) (Entered: 11/29/2022) |
| 11/30/2022 | 42 | STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER...regarding procedures to be followed that shall govern the handling of confidential material...The parties are advised that the Court retains discretion as to |

| | | |
|---|---|---|
| | | whether to afford confidential treatment to redacted information in Orders and Opinions. SO ORDERED. (Signed by Judge Lorna G. Schofield on 11/30/2022) (ks) (Entered: 11/30/2022) |
| 12/19/2022 | 43 | STATUS REPORT. Document filed by Match Group, LLC..(Van Houten, Greg) (Entered: 12/19/2022) |
| 02/01/2023 | 44 | ORDER: It is hereby ORDERED that, in light of the pending motion to dismiss and stay of discovery, the pre-motion conference is adjourned to May 24, 2023, at 4:00 P.M. on the following conference line: 888-363-4749, access code: 558-3333. Telephone Conference set for 5/24/2023 at 04:00 PM before Judge Lorna G. Schofield. (Signed by Judge Lorna G. Schofield on 2/1/2023) (mml) (Entered: 02/01/2023) |
| 04/03/2023 | 45 | JOINT LETTER MOTION to Continue *Pre-Motion Conference* addressed to Judge Lorna G. Schofield from Greg Van Houten, Counsel for Plaintiff, dated April 3, 2023. Document filed by Match Group, LLC..(Van Houten, Greg) (Entered: 04/03/2023) |
| 04/04/2023 | 46 | ORDER granting 45 Letter Motion to Continue. Application GRANTED. The pre-motion conference scheduled for May 24, 2023, is adjourned to July 12, 2023, at 4:00 P.M. on the following conference line: 888-363-4749, access code: 558-3333. Telephone Conference set for 7/12/2023 at 04:00 PM before Judge Lorna G. Schofield.. (Signed by Judge Lorna G. Schofield on 4/4/2023) (jca) (Entered: 04/04/2023) |
| 05/19/2023 | 47 | JOINT LETTER MOTION to Continue *Pre-Motion Conference* addressed to Judge Lorna G. Schofield from Greg Van Houten, Counsel for Plaintiff dated May 19, 2023. Document filed by Match Group, LLC..(Van Houten, Greg) (Entered: 05/19/2023) |
| 05/25/2023 | 48 | OPINION AND ORDER re: 33 MOTION to Dismiss *Pursuant to Rule 12(b)(6)*. filed by Beazley Underwriting Limited.For the reasons stated above, the motion to dismiss is GRANTED in part and DENIED in part. The motion to dismiss the claims for breach of the implied covenant of good faith and fair dealing and equitable estoppel is granted. The motion to dismiss the breach of contract claim is otherwise denied. By June 8, 2023, Defendant shall file a letter stating why Plaintiff should not be granted summary judgment on the surviving contract claim based on the discussion in Section III.A.1 above. A court may apply an unambiguous contract term to undisputed facts to grant summary judgment to either party. See Fischer & Mandell, LLP v. Citibank, N.A., 632 F.3d 793, 799 (2d Cir. 2011) (Summary judgment is appropriate if the terms of the contract are unambiguous.) (New York law); accord Metwally v. City of New York, No. 19 Civ. 8206, 2023 WL 2808215, at*3 (S.D.N.Y. Apr. 6, 2023) (New York law) (granting summary judgment based on the clear and unambiguous language of the contract). The Clerk of Court is respectfully directed to close the motion at Dkt. No. 33. (Signed by Judge Lorna G. Schofield on 5/25/2023) (rro) (Entered: 05/25/2023) |
| 05/26/2023 | 49 | ORDER denying without prejudice to renewal 47 Letter Motion to Continue. Application denied without prejudice to renewal, in light of the Court's Opinion and Order at Dkt. No. 48. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 47.. (Signed by Judge Lorna G. Schofield on 5/26/2023) (kv) (Entered: 05/26/2023) |
| 06/07/2023 | 50 | LETTER addressed to Judge Lorna G. Schofield from Jonathan S. Zelig dated June 7, 2023 re: Summary Judgment on Surviving Contract Claim. Document filed by Beazley Underwriting Limited..(Zelig, Jonathan) (Entered: 06/07/2023) |
| 06/08/2023 | 51 | MEMO ENDORSEMENT on re: 50 Letter filed by Beazley Underwriting Limited. ENDORSEMENT: Plaintiff shall file a response, not to exceed three pages, by June 13, 2023. So Ordered. (Signed by Judge Lorna G. Schofield on 6/8/2023) (mml) (Entered: 06/08/2023) |

| 06/13/2023 | 52 | LETTER addressed to Judge Lorna G. Schofield from Greg Van Houten, Counsel for Plaintiff dated June 13, 2023 re: Response to Defendant's Letter dated June 7, 2023 [Dkt. 50]. Document filed by Match Group, LLC..(Van Houten, Greg) (Entered: 06/13/2023) |
|---|---|---|
| 06/14/2023 | 53 | MEMO ENDORSEMENT on re: 52 Letter filed by Match Group, LLC. ENDORSEMENT: Plaintiff's request to delay the entry of judgment is denied per Rule 58(e). By June 21, 2023, the parties shall file a mutually agreeable form of Judgment. Plaintiff's anticipated motion for attorneys' fees shall be filed by June 30, 2023. Defendant shall file any opposition by July 19, 2023. Plaintiff shall file any reply by July 28, 2023. So Ordered. ( Motions due by 6/30/2023., Replies due by 7/28/2023., Responses due by 7/19/2023) (Signed by Judge Lorna G. Schofield on 6/14/2023) (ate) (Entered: 06/14/2023) |
| 06/21/2023 | 54 | PROPOSED JUDGMENT. Document filed by Match Group, LLC..(Van Houten, Greg) (Entered: 06/21/2023) |
| 06/22/2023 | 55 | JUDGMENT: NOW, upon this application of Plaintiff for judgment, it is hereby: ORDERED, ADJUDGED AND DECREED that Plaintiff, upon its breach of contract claim against Defendant, shall be awarded judgment and shall recover against Defendant $3,628,670.64 in contract damages and pre-judgment interest through June 21, 2023, plus additional pre-judgment accruing at a daily rate of $739.43 from June 21, 2023 until the date this Judgment is entered, as further set forth. ORDERED, ADJUDGED AND DECREED that Plaintiff shall also be awarded and shall recover against Defendant post-judgment interest on the Judgment Amount, in accord with 28 U.S.C. § 1961(a)(b), at 5.23%1 computed daily and compounded annually from the date this Judgment is entered until Defendant satisfies this Judgment (including the interest); and ORDERED, ADJUDGED AND DECREED that the Clerk of the Court is directed to enter Judgment in this case in favor of Plaintiff and against Defendant in the amounts specified above. The Clerk of Court is respectfully directed to close the case. So Ordered. (Signed by Judge Lorna G. Schofield on 6/22/2023) (mml) (Entered: 06/22/2023) |
| 06/30/2023 | 56 | CONSENT LETTER MOTION for Leave to File Excess Pages *in Support of Motion for Attorneys' Fees and Expenses* addressed to Judge Lorna G. Schofield from Greg Van Houten, Counsel for Plaintiff dated June 30, 2023. Document filed by Match Group, LLC.. (Van Houten, Greg) (Entered: 06/30/2023) |
| 06/30/2023 | 57 | MOTION for Attorney Fees . Document filed by Match Group, LLC..(Van Houten, Greg) (Entered: 06/30/2023) |
| 06/30/2023 | 58 | MEMORANDUM OF LAW in Support re: 57 MOTION for Attorney Fees . . Document filed by Match Group, LLC..(Van Houten, Greg) (Entered: 06/30/2023) |
| 06/30/2023 | 59 | DECLARATION of Greg Van Houten in Support re: 57 MOTION for Attorney Fees .. Document filed by Match Group, LLC. (Attachments: # 1 Exhibit A - Initial Emails Involving Match and Beazley re Mellesmoen Claim, # 2 Exhibit B - Beazley's Proposal to Defer its Coverage Evaluation, # 3 Exhibit C - Match's Notice of Denial of Demurrer, # 4 Exhibit D - Beazley's Initial Denial Letter, # 5 Exhibit E - Beazley Refuses to Reverse its Denial, # 6 Exhibit F - Ltr. From Match's Counsel to Beazley's Counsel, dated Sept. 17, 2021, # 7 Exhibit G - Ltr. From Match's Counsel to Match's Counsel, dated Nov. 4, 2021, # 8 Exhibit H - Ltr. From Match's Counsel to Beazley's Counsel, dated Apr. 29, 2022, # 9 Exhibit I - Email From Beazley's Counsel to Match's Counsel, dated June 2, 2022).(Van Houten, Greg) (Entered: 06/30/2023) |
| 06/30/2023 | 60 | DECLARATION of Ernest Martin, Jr. in Support re: 57 MOTION for Attorney Fees .. Document filed by Match Group, LLC. (Attachments: # 1 Exhibit 1-A - Professional Bio of Mr. Ernest Martin, # 2 Exhibit 1-B(a) - REDACTED, Part 1 of Attorney Invoices, # 3 Exhibit 1-B(b) - REDACTED, Part 2 of Attorney Invoices, # 4 Exhibit 1-B(c) - |

|  |  | REDACTED, Part 3 of Attorney Invoices, # 5 Exhibit 1-B(d) - REDACTED, Part 4 of Attorney Invoices, # 6 Exhibit 1-C - Attorney Bios, # 7 Exhibit 1-D - REDACTED, Invoice Write Down Report, # 8 Exhibit 1-E - SEALED, Slipsheet for PeerMonitor Database, # 9 Exhibit 1-F - E-Discovery Invoices).(Van Houten, Greg) (Entered: 06/30/2023) |
|---|---|---|
| 06/30/2023 | 61 | CONSENT LETTER MOTION to Seal *Exhibit 1-E, and the Unredacted Versions of Exhibits 1-B and 1-D, to the Declaration of Mr. Ernest Martin* addressed to Judge Lorna G. Schofield from Greg Van Houten, Counsel for Plaintiff dated June 30, 2023. Document filed by Match Group, LLC..(Van Houten, Greg) (Entered: 06/30/2023) |
| 06/30/2023 | 62 | ***SELECTED PARTIES***DECLARATION of Greg Van Houten in Support re: 61 CONSENT LETTER MOTION to Seal *Exhibit 1-E, and the Unredacted Versions of Exhibits 1-B and 1-D, to the Declaration of Mr. Ernest Martin* addressed to Judge Lorna G. Schofield from Greg Van Houten, Counsel for Plaintiff dated June 30, 2023.. Document filed by Match Group, LLC, Beazley Underwriting Limited. (Attachments: # 1 Exhibit A - Confidential PeerMonitor Report, Ex. 1-E to Decl. of E. Martin (ECF No. 60))Motion or Order to File Under Seal: 61 .(Van Houten, Greg) (Entered: 06/30/2023) |
| 06/30/2023 | 63 | ***EX-PARTE***DECLARATION of Greg Van Houten, Counsel for Plaintiff in Support re: 61 CONSENT LETTER MOTION to Seal *Exhibit 1-E, and the Unredacted Versions of Exhibits 1-B and 1-D, to the Declaration of Mr. Ernest Martin* addressed to Judge Lorna G. Schofield from Greg Van Houten, Counsel for Plaintiff dated June 30, 2023.. Document filed by Match Group, LLC. (Attachments: # 1 Exhibit B.1 - Part 1 of Confidential Invoices, Ex. 1-B(a) to Decl. of E. Martin (ECF No. 60), # 2 Exhibit B.2 - Part 2 of Confidential Invoices, Ex. 1-B(b) to Decl. of E. Martin (ECF No. 60), # 3 Exhibit B.3 - Part 3 of Confidential Invoices, Ex. 1-B(c) to Decl. of E. Martin (ECF No. 60), # 4 Exhibit B.4 - Part 4 of Confidential Invoices, Ex. 1-B(d) to Decl. of E. Martin (ECF No. 60), # 5 Exhibit C - Confidential Write Down Report, Ex. 1-D to Decl. of E. Martin (ECF No. 60))Motion or Order to File Under Seal: 61 .(Van Houten, Greg) (Entered: 06/30/2023) |
| 07/05/2023 | 64 | AMENDED ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for Settlement and Specific Non-Dispositive Motion/Dispute: Motion for attorneys' fees at Dkt. No. 57. Referred to Magistrate Judge Sarah L Cave. Motions referred to Sarah L Cave. (Signed by Judge Lorna G. Schofield on 7/5/2023) (tg) (Entered: 07/05/2023) |
| 07/05/2023 | 65 | ORDER granting 56 Letter Motion for Leave to File Excess Pages. Application GRANTED. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 56. (Signed by Judge Lorna G. Schofield on 7/5/2023) (jca) (Entered: 07/05/2023) |
| 07/05/2023 | 66 | ORDER granting 61 Letter Motion to Seal. Plaintiff Match Group, LLC moves, with Defendant Beazley Underwriting Limited's consent, to file under seal certain documents submitted in connection with Plaintiff's motion for attorneys' fees, with redacted versions filed publicly on the docket. (ECF Nos. 60 (the redacted documents); 61 (the motion to seal); 6263 (the sealed documents)). The motion is GRANTED. The document filed at ECF No. 62 shall remain as only visible to Plaintiff and the Court, and the documents filed at ECF No. 63 shall remain as only visible to the parties and the Court. The Clerk of Court is respectfully directed to close ECF No. 61. (Signed by Magistrate Judge Sarah L Cave on 7/5/2023) (rro) (Entered: 07/06/2023) |
| 07/19/2023 | 67 | MEMORANDUM OF LAW in Opposition re: 57 MOTION for Attorney Fees . . Document filed by Beazley Underwriting Limited..(Zelig, Jonathan) (Entered: 07/19/2023) |
| 07/19/2023 | 68 | DECLARATION of Jonathan S. Zelig in Opposition re: 57 MOTION for Attorney Fees .. Document filed by Beazley Underwriting Limited. (Attachments: # 1 Exhibit 1 to Zelig |

| | | Declaration, # 2 Exhibit 2 to Zelig Declaration, # 3 Exhibit 3 to Zelig Declaration, # 4 Exhibit 4 to Zelig Declaration).(Zelig, Jonathan) (Entered: 07/19/2023) |
|---|---|---|
| 07/19/2023 | 69 | NOTICE OF APPEAL from 55 Judgment,,,,. Document filed by Beazley Underwriting Limited. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Zelig, Jonathan) (Entered: 07/19/2023) |
| 07/19/2023 | 70 | MOTION for Bond . Document filed by Beazley Underwriting Limited..(Zelig, Jonathan) (Entered: 07/19/2023) |
| 07/20/2023 | | Appeal Fee Due: for 69 Notice of Appeal. Appeal fee due by 8/3/2023. (km) (Entered: 07/20/2023) |
| 07/20/2023 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 69 Notice of Appeal. (km) (Entered: 07/20/2023) |
| 07/20/2023 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 69 Notice of Appeal filed by Beazley Underwriting Limited were transmitted to the U.S. Court of Appeals. (km) (Entered: 07/20/2023) |
| 07/20/2023 | 71 | MEMO ENDORSED ORDER granting 70 Motion for Bond. ENDORSEMENT: Application GRANTED. A stay from execution of judgment is granted pending the appeal in this case. (Signed by Judge Lorna G. Schofield on 7/20/2023) (mml) Transmission to Finance Unit (Cashiers) for processing. (Entered: 07/20/2023) |
| 07/28/2023 | 72 | REPLY MEMORANDUM OF LAW in Support re: 57 MOTION for Attorney Fees . . Document filed by Match Group, LLC..(Van Houten, Greg) (Entered: 07/28/2023) |
| 07/28/2023 | 73 | DECLARATION of Ernest Martin, Jr. in Support re: 57 MOTION for Attorney Fees .. Document filed by Match Group, LLC. (Attachments: # 1 Exhibit A - Email from J. Nawrocki, Counsel for Beazley, to G. Van Houten, Counsel for Match (Sept. 20, 2022)). (Van Houten, Greg) (Entered: 07/28/2023) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 08/01/2023 14:56:08 | | |
| **PACER Login:** | bdonahue92 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:22-cv-04629-LGS-SLC |
| **Billable Pages:** | 11 | **Cost:** | 1.10 |